# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | |
|---|---|
| EZRA ILANI, CATHY ILANI,<br><br>  Petitioners,<br><br>v.<br><br>FRANKIE S. ANSELMO,<br><br>  Respondent. | CASE NO. 1:24-mc-00047-PAB<br><br>JUDGE PAMELA A. BARKER<br>UNITED STATES DISTRICT JUDGE<br><br>MAGISTRATE JUDGE<br>REUBEN J. SHEPERD<br><br>**REPORT AND RECOMMENDATION** |

On September 18, 2024, Petitioners Ezra and Cathy Ilani filed a Motion for Order of Contempt for Failure to Comply with Subpoena to Testify at Deposition, and Motion to Compel Attendance at Deposition. (ECF Doc. 1). On September 19, 2024, the Motion was referred to me for a Report and Recommendation. (ECF Doc. 2).

I subsequently held telephone status conferences on October 17 and November 8, 2024. (Non-document entries of Oct. 17, 2024 and Nov. 8, 2024). Respondent appeared at the November 8, 2024 status conference and agreed to submit to a deposition. The parties have since informed me that they successfully conducted a deposition of the Respondent on November 13, 2024.

I therefore recommend the District Court deny the Motion (ECF Doc. 1) as moot and dismiss the case with prejudice.

1

Dated: November 19, 2024

_Reuben J. Sheperd_
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).